631 A.2d 191

Curtis OLSON and Donna Olson, His Wife and John Pfeiffer
and Autumn Pfeiffer, His Wife, Appellants,

v.

John M. GRUTZA, T/A John M. Grutza Rentals,

v.

NATIONAL INDUSTRIAL CONTRACTORS, INC.; Harnisch-
feger Corporation; C.C. & F.F. Kessler, Inc. and Wheel-
abrator Frackville Energy Company,

v.

RUST INTERNATIONAL CORPORATION, Raymond Hayes,
Edward S. Chandler and Robert McDonald, Appellees.

Curtis OLSON and Donna Olson, His Wife and John Pfeiffer
and Autumn Pfeiffer, His Wife, Appellees,

v.

John M. GRUTZA, T/A John M. Grutza Rentals,

v.

NATIONAL INDUSTRIAL CONTRACTORS, INC.; Harnischfeg-
er Corporation; C.C. & F.F. Kessler, Inc. and Wheelabrator
Frackville Energy Company, Rust International Corporation
and Raymond Hayes, Edward S. Chandler and Robert Mc-
Donald.

Appeal of HARNISCHFEGER CORPORATION.

Superior Court of Pennsylvania.

Argued May 13, 1993.

Filed Aug. 31, 1993.

380

James J. Riley, III, Pottsville, for Olson and Pfeiffer.

James Joseph Bee, Philadelphia, for Harnischfeger.

Chester C. Corse, Jr., Pottsville, for National Indus., appellee.

Before BECK, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from the order entered in the Court of Common Pleas of Schuylkill County sustaining appellees' preliminary objections to appellants' request to amend a joinder complaint for claims of spoliation of evidence and for claims sounding in negligence. We are asked to determine whether the lower court committed an error of law or abused its discretion in sustaining appellees' preliminary objections. We affirm.

The standard of review of an appellate court in passing on a challenge to sustaining of a preliminary objection in the nature of a demurrer is whether on the facts averred the law

says with certainty that no recovery is possible. *Kyle v. McNamara & Criste*, 506 Pa. 631, 487 A.2d 814 (1985).

The record reveals the following: On June 19, 1989, plaintiffs, Curtis Olson and John Pfeiffer were injured during the course of employment when the cable of a crane snapped while Olson and Pfeiffer were being lifted by the crane in a man-cage. The man-cage fell to the ground approximately thirty feet resulting in their injuries.

On January 11, 1990, Olson and his wife, and Pfeiffer and his wife, filed their complaint against the lessor of the crane, John M. Grutza. On March 12, 1990, an amended complaint was filed against Grutza.

On August 8, 1990, Grutza filed a writ to join additional defendants, National Industrial Contractors, Inc. ("NIC"), the alleged employer of Olson and Pfeiffer, Century II, Inc. (hereinafter referred to as appellant, "Harnischfeger"), the alleged manufacturer of the crane,[1] C.C. & F.F. Kessler, Inc. ("Kessler"), the alleged seller of the crane to Grutza, and Wheelabrator Frackville Energy Co. ("Wheelabrator"), the alleged owner of the construction site. On November 2, 1990, Grutza filed his complaint joining the said additional defendants.

On June 5, 1991, the lower court approved a stipulation of the parties dated May 28, 1991, whereby the time to join additional defendants was extended to August 4, 1991. On June 18, 1991, appellant, Harnischfeger filed a praecipe to join six (6) new additional defendants, including Rust International Corporation and Raymond Hayes (hereinafter referred to as appellees). On September 25, 1991, Harnischfeger filed its joinder complaint against appellees and the other new additional defendants. In that joinder complaint, Harnischfeger incorporated as exhibits the following pleadings: the Ol-

1. Harnischfeger Corporation is the latest of three names by which this particular party has been designated in the pleadings. The original joinder complaint named P & H Omega as an additional defendant. By stipulation of the parties, the name of that party was changed to Century II, Inc., and by subsequent stipulation has been again changed to the currently named party, Harnischfeger Corporation.

son/Pfeiffer original complaint, the Olson/Pfeiffer amended complaint, Grutza's joinder complaint and Harnischfeger's answer to Grutza's joinder complaint. In addition, Harnischfeger averred as follows:

10. At all times relevant hereto, Rust International Corporation was responsible for managing, overseeing, and/or otherwise supervising the construction activities at the site of the Wheelabrator Frackville Co–Generation Plant near Frackville, Pennsylvania, including, but not limited to, on-site safety and the erection and operation of construction equipment and related equipment at the aforementioned site, including the crane and manbasket alleged to have been involved in the incident giving rise to this action, which equipment may also have been owned, controlled and/or maintained by Rust International Corporation.

\* \* \* \* \* \*

13. Raymond Hayes is an individual who at all times relevant hereto was employed by Rust International Corporation and was engaged in activities at the site of the construction of the Wheelabrator Frackville Energy Plant near Frackville, Pennsylvania and relating to the incident which forms the basis of this action, on or about June 19, 1989.

\* \* \* \* \* \*

17. Rust International Corporation ... [and] Raymond Hayes ... acting individually and through their respective agents ... knowingly, intentionally and/or through their negligence, carelessness and/or recklessness, engaged in the spoliation of evidence, by *inter alia,* altering, losing and/or otherwise destroying evidence relevant to what they believed would be the subject of future litigation.

18. The aforementioned alteration, loss and/or destruction of evidence relevant to the subject litigation has severely prejudiced the ability of the litigants to defend against claims or present claims in this litigation.

19. If it is proved at the trial of this action that Plaintiffs sustained injuries and/or damages as alleged and for the

reasons set forth in Plaintiffs' Amended Complaint, which averments and allegations are incorporated herein by reference and which said averments and allegations as they be directed against [Harnischfeger] being herein expressly denied, then said incident and/or damages would have been caused, individually, jointly and/or severally, by the negligence, carelessness, and/or other liability producing conduct of the aforesaid Additional Defendants, as well as under such other theories as may be developed through discovery and/or at trial.

\*    \*    \*    \*    \*    \*

21. If it is proved at the trial of this action that Rust International Corporation ... [and] Raymond Hayes ... acting individually and through their respective agents ... engaged in the spoliation of evidence as more fully described herein above, then Rust International Corporation ... [and] Raymond Hayes ... are directly liable, individually, jointly and/or severally to [Harnischfeger] for any and all damages sustained by [Harnischfeger] as a result thereof.

22. If it is proved at the trial of this action that Rust International Corporation ... [and] Raymond Hayes ... acting individually and through their respective agents ... engaged in the spoliation of evidence as more fully described herein above, then Rust International Corporation ... [and] Raymond Hayes ... are jointly and severally liable and/or liable over to [Harnischfeger] for all sums which [Harnischfeger] may be found to owe to any party in this litigation, plus interest, cost and attorneys' fees incurred in the defense of this action.

WHEREFORE, [Harnischfeger] denies liability, demands judgment in its favor on all issues and demands that if Plaintiffs and any other parties to this action are found to be entitled to any sum, the liability of [Harnischfeger] being herein expressly denied, then Rust International Corporation ... [and] Raymond Hayes ... are solely liable to Plaintiffs or such other parties, and/or jointly and severally liable and/or liable over to [Harnischfeger] by means of contribution and/or indemnity for all sums, plus interest,

costs and attorneys' fees incurred in the defense of the subject action, and, further, if it is proved at the trial of this action that Rust international Corporation ... [and] Raymond Hayes ... engaged in the spoliation of evidence as more fully described herein above, then Rust International Corporation ... [and] Raymond Hayes ... are directly liable, individually, jointly and/or severally to [Harnischfeger] for any and all damages sustained by [Harnischfeger] as a result thereof.

Harnischfeger's Complaint Against Additional Defendants, pp. 3–7.

Appellees filed preliminary objections to Harnischfeger's joinder complaint. The first preliminary objection was in the nature of a demurrer and contended that the joinder complaint did not set forth a recognizable cause of action against appellees. The second preliminary objection consisted of a motion to dismiss Harnischfeger's claim that appellees engaged in the spoliation of evidence. Appellees maintained that the spoliation of evidence claim did not arise out of the series of transactions or occurrences upon which plaintiffs' cause of action is based as required by Pa.R.Civ.P. 2252(a)(1). Thereafter, Harnischfeger filed a supplemental brief opposing the preliminary objections and sought leave of the court to amend its joinder complaint. Appellees filed a memorandum in opposition to the contemplated amendment.

In its order dated July 17, 1992, the lower court ruled upon appellees' preliminary objections as follows:

1. The Preliminary Objection to the attempted joinder of a spoliation of evidence claim in the complaint of [Harnischfeger] is SUSTAINED and said claim is DISMISSED.

2. Additional Defendant [Harnischfeger] is granted leave to file an amended complaint within thirty (30) days hereof setting forth a claim for contribution and/or indemnity against the other additional defendants, *but the objection against any attempted joinder by [Harnischfeger] of the*

*other Additional Defendants on the basis that they are solely liable to the plaintiff is SUSTAINED.*

Trial Court Order 7/17/92, p. 2 (emphasis added).

The lower court found that no Pennsylvania court has recognized a cause of action for spoliation of evidence. The court below determined that even if such a claim was recognized in Pennsylvania, that claim was improperly joined in this case because it did not arise out of the transaction or occurrence upon which plaintiffs' cause of action is based. The lower court also concluded that a jury would be totally confused if a cause of action for spoliation of evidence was joined with plaintiffs' underlying claims. Trial Court Opinion 7/20/92, pp. 5–7.

Further, the lower court found that Harnischfeger's joinder complaint with its incorporation of plaintiffs' amended complaint failed to set forth facts to assert a cause of action for negligence. The court determined that Harnischfeger's praecipe to join additional defendants filed on June 18, 1991 tolled the statute of limitations but did not excuse Harnischfeger of the duty to plead properly its cause of action for negligence against appellees in its complaint. The court concluded as follows:

> [I]f Harnischfeger was uncertain of the facts available to support its theories of liability against [appellees], it could have availed itself of the procedures permitting discovery in aid of preparation of a complaint. However, since it failed to do so and further failed to adequately plead a cause of action sounded in negligence, its attempts to do so through amendment now that the statute of limitations have [sic] expired is prohibited. . . .

Trial Court 1925 Opinion 9/25/92, p. 9. On August 14, 1992, Harnischfeger and plaintiffs each filed a notice of appeal to our Court from the order dated July 17, 1992.[2]

2. Appellees have filed a motion to quash the appeal from the appellants/plaintiffs contending that the plaintiffs lack standing. Herein, we deny that motion. *See Pa.R.A.P. 501; Knudsen v. Delaware County Regional Water Quality Control Authority,* 84 Pa.Commw. 36, 478 A.2d 533 (1984) (since statute of limitations had expired, plaintiffs were

■

We are presented with two questions. First, whether the lower court committed an error of law in sustaining appellees' preliminary objection to appellants' cause of action for spoliation of evidence, thereby dismissing that claim. Second, whether the lower court abused its discretion in sustaining appellees' preliminary objection to appellants' request to amend the joinder complaint for the claim that appellees are solely liable to plaintiffs under a theory in negligence.

■ Addressing the first issue, we find that the court below properly sustained appellees' preliminary objection to appellants' claim of spoliation of evidence. Our research reveals that no Pennsylvania court has recognized a cause of action for spoliation of evidence. Appellants direct our Court's attention to cases of other jurisdictions where courts have recognized a cause of action for spoliation of evidence and other related claims. Harnischfeger's Brief, pp. 21–23. Appellants cite, *Continental Insurance Co. v. Herman,* 576 So.2d 313 (Fla.Dist.Ct.App.1991) wherein the Florida District Court of Appeals set forth the following elements of the tort of negligent spoliation of evidence:

(1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages.

Additionally, appellants assert that Pennsylvania courts have addressed spoliation of evidence under related theories. Harnischfeger's Brief, pp. 24–25. Appellants refer to decisions where our courts have been guided by public policy concerns when a party to a lawsuit engages in the destruction of evidence. *See Roselli v. General Electric Co.,* 410 Pa.Super.

unable to amend their complaints to join school district as an additional defendant at the time trial court entered its orders sustaining school district's preliminary objections and dismissing the third-party complaint against the school district; thus, plaintiffs had a direct interest in the court's orders dismissing the third-party complaints against the school district and, thus were able to appeal such orders); *see also* Pa.R.Civ.P. 2255(d).

223, 599 A.2d 685, 688 (1991), *alloc. granted,* 530 Pa. 645, 607 A.2d 255 (1992) (summary judgment entered for defendant because plaintiffs had "lost" glass fragments of the carafe which allegedly caused the injury, and thus defendant manufacturer was precluded from examining the product which was a necessary step in the preparation of its defense).

Without deciding whether spoliation of evidence is a viable cause of action in Pennsylvania, we find a claim of this nature fails to satisfy the joinder conditions of Pa.R.Civ.P. 2252. Pennsylvania Rule of Civil Procedure 2252(a) provides:

### RULE 2252.  RIGHT TO JOIN ADDITIONAL DEFENDANTS

(a) Except as provided by Rule 1706.1, any defendant or additional defendant may join as an additional defendant any person, whether or not a party to the action, who may be

(1) solely liable on the plaintiff's cause of action, or

(2) liable over to the joining party on the plaintiff's cause of action, or

(3) jointly or severally liable with the joining party on the plaintiff's cause of action, or

(4) liable to the joining party on any cause of action arising out of the transaction or occurrence of series of transactions or occurrences upon which the plaintiff's cause of action is based.

■ Our courts have construed the phrase "cause of action", as used in Rule 2252, to mean that the "additional defendant's liability [be] related to the original claim which plaintiff asserts against the original defendant ..." *Somers v. Gross,* 393 Pa.Super. 509, 514, 574 A.2d 1056, 1058 (1990), *quoting, Incollingo v. Ewing,* 444 Pa. 263, 290, 282 A.2d 206, 220 (1971).  Rule 2252(a) does not permit joinder where the allegations of the original complaint and the allegations of the joinder complaint "relate to different harms to be proven with different evidence as to different occurrences happening at different times." *Somers,* 393 Pa.Super. at 518, 574 A.2d at 1060–61.

In *Somers*, plaintiffs filed a professional negligence action against their accountants. The complaint alleged that the accountant defendants had given improper tax advice to plaintiffs and negligently miscalculated certain estimated income tax liabilities of plaintiffs to the Internal Revenue Service. The accountant defendants then filed a joinder complaint against plaintiffs' attorney as an additional defendant. The joinder complaint alleged that plaintiffs had relied on the tax advice of their attorney, not of the accountant defendants, and thus, any loss plaintiffs incurred was the result of the attorney's professional negligence. *Id.* at 511, 574 A.2d at 1057. In *Somers*, our Court was presented with the question of whether the joinder complaint complied with Rule 2252(a). In addressing that issue, we carefully evaluated cases where our courts found joinders proper, *see, e.g., Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971), and in relationship to cases where our courts found joinders improper, *see, e.g., Garrett Electronics Corp. v. Kampel Enterprises, Inc.,* 382 Pa.Super. 352, 555 A.2d 216 (1989); *Austin J. Richards, Inc. v. McClafferty,* 371 Pa.Super. 269, 538 A.2d 11 (1988), *alloc. denied,* 520 Pa. 570, 549 A.2d 131 (1988). In *Somers, supra,* we found that the allegation in the joinder complaint was the selfsame cause of action pleaded by plaintiffs, reasoning as follows:

> There was one course of events leading to plaintiffs' alleged harm. Evidence of that course of events will necessarily include both evidence of the accountants' involvement and the attorney's involvement in the handling of plaintiffs' 1984 taxes and evidence as to which of these professionals plaintiffs relied upon in deciding how to estimate those taxes. Just as in *Incollingo v. Ewing,* where the central common question raised by the plaintiff's complaint and the joinder compliant was who was responsible for the decedent's ingesting a drug which caused her death, here the central common question is who is responsible for giving the plaintiffs improper tax advice on which they relied and which caused their liability for penalties and fees.

*Somers,* 393 Pa.Super. at 514–15, 574 A.2d at 1058–59. Our Court concluded that the facts presented in *Somers* were

clearly distinguishable from cases where joinders were found to be improper. In those cases, the plaintiff's action and the joinder complaint involved transactions which were entirely different in time and nature. Consequently, in *Somers,* we held that accountant defendants' joinder complaint was permitted under Pa.R.Civ.P. 2252(a). *Id.* at 514–16, 574 A.2d at 1059–61.

Here, the allegation of destruction/spoliation of evidence contained in the joinder complaint is different in time and nature than plaintiffs' action averred in the complaint and the amended complaint against original defendant, John M. Grutza. In the complaints against Grutza, plaintiffs contend that their injuries were solely caused as a result of the negligence of Grutza. On the other hand, in the joinder complaint, Harnischfeger maintains that appellees engaged in the spoliation of evidence and are liable to Harnischfeger for any damages sustained by Harnischfeger as a result thereof. Unlike the facts in *Somers,* here, the joinder complaint under the theory of spoliation of evidence does not share a central common question with the original complaints. The joinder complaint under the theory of spoliation of evidence focuses on the alleged injuries sustained by Harnischfeger, not plaintiffs. The harm alleged by Harnischfeger occurred subsequent to the harm alleged by plaintiffs. The evidence needed to establish a cause of action for destruction/spoliation of evidence is different from the evidence needed to establish negligence for plaintiffs' injuries.

We are cognizant that Rule 2252(a) is to be broadly construed to effectuate its purpose of avoiding multiple lawsuits by settling in one action all claims arising out of transactions or occurrences which give rise to the plaintiff's complaint. *Svetz v. Land Tool Co.,* 355 Pa.Super. 230, 513 A.2d 403 (1986), *alloc. denied,* 515 Pa. 584, 527 A.2d 544 (1987). However, "[j]oinder is permitted only as long as the additional defendant's alleged liability is related to the claim which the plaintiff asserts against the original defendant." *Semango v. Pileggi,* 363 Pa.Super. 423, 526 A.2d 417 (1987), *appeal denied,* 517 Pa. 624, 538 A.2d 877, *quoting, DiLauro v. One Bala*

*Avenue Associates,* 357 Pa.Super. 209, 219, 515 A.2d 939, 945 (1986). *See Brown Boveri Bldg. Automation Inc. v. Midland–Ross Corp.,* 333 Pa.Super. 261, 482 A.2d 557 (1984) (third-party complaint did not arise out of the same transaction as original complaint where claims alleged in each involved different legal questions, thus joinder improper); *American Metal Fabricators Company v. Goldman,* 227 Pa.Super. 284, 323 A.2d 891 (1974) (same). Because we find that Harnischfeger's claim of spoliation of evidence is unrelated to plaintiffs' claim of negligence asserted against Grutza, the original defendant, we conclude that the lower court properly sustained appellees' preliminary objection to appellants' attempted joinder of the spoliation of evidence claim and dismissed this cause of action.[3]

█ Addressing the second issue, we find that the lower court did not abuse its discretion in sustaining appellees' preliminary objection to appellants' request for leave to amend the joinder complaint to add language setting forth a claim that appellees are solely liable to plaintiffs under a negligence cause of action. The lower court determined that Harnischfeger's joinder complaint failed to satisfy the pleading requirements of Pa.R.Civ.P. 2252(b)(2). Rule 2252(b)(2) provides, "[t]he complaint, in the manner and form required of the initial pleading of the plaintiff in the action, shall set forth the facts relied upon to establish the liability of the joined party and the relief demanded." Pennsylvania courts have construed the language of Rule 2252(b)(2) as follows:

"Of the requirements relating to the complaint, the most important is that the facts asserted as a basis of the liability of the additional defendant be set forth, for it is the allegation of fact and not statements of legal conclusion which governs the determination whether the complaint alleges the requisite liability. . . .

If the complaint fails to state facts sufficient to establish liability of the additional defendant, the joinder will be

---

**3.** Moreover, until completion of the present case, we cannot decide whether Harnischfeger was damaged by the alleged conduct of appellees. The lower court might find Harnischfeger not liable for the injuries sustained by plaintiffs.

refused." (footnotes omitted.)   2 Stan.Pa.Prac. 414–15 (1956 Ed.)

"While the . . . [amended Rule 2252] enlarges the kinds of causes of action which may be joined, it certainly does not eliminate the necessity of pleading a valid cause of action." *American Metal Fabricators v. Goldman*, 227 Pa.Super. 284, 289, 323 A.2d 891, 894 (1974).

*General State Authority v. Sutter Corp.*, 44 Pa.Comwth. 156, 160–61, 403 A.2d 1022, 1025 (1979). "Rule [Pa.R.Civ.P.] 1019 governs the complaint of the plaintiff in an action and, through Rule 2252(b), applies also to complaints by the original defendant joining additional defendants, in making a determination of whether such a complaint sets forth sufficient material facts to constitute a viable cause of action." *Id.* at 160, 403 A.2d at 1025 n. 2.

Upon close examination of Harnischfeger's joinder complaint with its incorporation of plaintiffs' amended complaint, we find that Harnischfeger failed to set forth facts to assert a cause of action in negligence against appellees.   Thus, we conclude that appellants have failed to comply with Rule 2252(b)(2).

The court below determined that Harnischfeger's praecipe to join additional defendants filed on June 18, 1991 tolled the statute of limitations.   However, because the lower court found that Harnischfeger did not plead a cause of action for negligence against appellees in its joinder complaint, it concluded that the statute of limitations had expired with respect to that claim and denied Harnischfeger leave to amend its joinder complaint.

Appellants maintain an amendment of the joinder complaint should be permissible even though the statute of limitations has run.   "It has long been held in this Commonwealth that parties are liberally granted leave to amend their pleadings." *Frey v. Pennsylvania Elec. Co.*, 414 Pa.Super. 535, 538, 607 A.2d 796, 797 (1992), *appeal denied*, 532 Pa. 645, 614 A.2d 1142 (1992); *MacGregor v. Mediq Inc.*, 395 Pa.Super. 221, 227, 576 A.2d 1123, 1126 (1990); *Biglan v. Biglan*, 330 Pa.Super. 512,

519–20, 479 A.2d 1021, 1025 (1984). "Although the determination of whether to grant leave to amend is within the sound discretion of the trial court, leave should be granted at any stage of the proceedings, unless such amendment violates the law or unfairly prejudices the rights of the opposing party." *Frey,* 414 Pa.Super. at 538, 607 A.2d at 797. Our court has applied the following analysis in determining whether leave to amend is warranted:

Although Rule 1033 of the Pennsylvania Rules of Civil Procedure generally permits the amendment of a complaint to include new causes of action, the Rule does not change the well-established principle that an amendment which introduces a new cause of action which is barred by the statute of limitations will not be allowed. This principle is based on the broad proposition that the courts, while disposed to be liberal in the allowance of amendments, and to construe the amendment rules liberally so as to prevent the defeat of justice through mere mistake, do not allow amendments which will prejudice the defendant by depriving him of some substantial right. *The criterion for determining whether or not an amendment may be made after the statute of limitations has run is whether the defendant will be prejudiced by the amendment or whether the cause of action is changed thereby. The general principle that amendments which will deprive the opposite party of any valuable right [will not be allowed precludes the allowance of amendments which would deprive the defendant of his right to assert the bar of the statute of limitations, or otherwise deprive him of any substantial or valuable right.]* Thus, after the statute of limitations has run, the plaintiff cannot, by an amendment, shift the ground of complaint set forth originally, or enlarge its surface by introducing a new and different cause of action, *or cure a material, vital, or fatal defect in his complaint;* an amendment to a complaint in an action instituted within the statutory period is not permissible after the expiration of that period where, in reality, the purpose is to introduce a new cause of action. (footnotes omitted).

*Hodgen v. Summers,* 382 Pa.Super. 348, 350–51, 555 A.2d 214, 215 (1989), *alloc. denied,* 522 Pa. 619, 563 A.2d 888 (1989), *quoting,* 5 Std.Pa.Prac. § 24:41 (emphasis added).

As concluded above, we find that the joinder complaint concerning the claim sounded in negligence fails to satisfy the pleading requirements of Pa.R.Civ.P. 2252(b)(2). By amending the joinder complaint, appellants are providing facts, which were initially absent in the joinder complaint, to formulate a cause of action in negligence.[4] Essentially, appellants want leave to amend in order to cure a material defect in the joinder complaint. Because the statute of limitations has run, we are of the opinion that appellees would be prejudiced if leave were granted to allow appellants to amend the joinder complaint to assert a cause of action in negligence against appellees. Hence, we hold that the lower court did not abuse its discretion in sustaining appellees' preliminary objection to appellants' request for leave to amend the joinder complaint to add language setting forth a claim that appellees are solely liable to plaintiffs under a cause of action sounded in negligence.

4. Appellants direct our attention to the following decisions where our courts granted leave to amend: *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983); *Kuisis v. Baldwin–Lima–Hamilton Corp.,* 457 Pa. 321, 319 A.2d 914 (1974); *General State Authority v. Sutter Corp.,* 44 Pa.Commw. 156, 403 A.2d 1022 (1979). We find the facts presented in those cases are distinguishable from the facts in the instant case. In *Connor, supra,* and *Kuisis, supra,* our supreme court found that the averments in the complaint adequately stated a cause of action and that the amended complaint did not change the original cause of action but merely amplified it. Here, however, we are not convinced that the joinder complaint states a cause of action in negligence. In *Sutter, supra,* our commonwealth court found that the complaint did not contain allegations of material facts to set forth a cause of action. The court, nevertheless, allowed leave to amend after concluding, "a review of the factual situation outlined by all the pleadings in this case prevents us from saying that as a matter of law it would be impossible for Sutter to plead a valid [cause of action]." *Sutter,* 44 Pa.Commw. at 161, 403 A.2d at 1025. Although we find an examination of pleadings outside the joinder complaint thwarts the purpose behind Pa.R.Civ.P. 1019(a) and Pa.R.Civ.P. 2252(b)(2), *see Krajsa v. Keypunch, Inc.,* 424 Pa.Super. 230, 622 A.2d 355 (1993), nevertheless, upon reviewing the record, we conclude that the pleadings are devoid of material facts to set forth a cause of action against appellees in negligence.

394

Having scrutinized the issues presented, we hold that the lower court did not commit an error of law nor abuse its discretion in sustaining appellees' preliminary objections. Accordingly, we affirm.

Appellees' motion to quash is hereby denied. Order affirmed.

BECK, J., concurs in the result.