## Lorenz v. Kent

C.P. of Warren County, no. 304 of 1995.

*Kevin Baran,* for plaintiffs.
*John Brydon,* for defendants.

MILLIN, *P.J.,* January 21, 1997—At issue is the motion for summary judgment of defendants Kent and the plaintiffs' motion to amend their complaint to include a count of spoliation of evidence.

Plaintiffs allege that on November 12, 1994, David M. Lorenz, a 7-year-old boy, was playing with some of his friends on property adjoining the defendants' property. While the children were playing, the defendants' dog entered into the neighbor's yard and bit David M. Lorenz in the genital area, causing injuries, including ripping one teste out of the scrotal sac. The defendants' dog had attacked another child some months prior to this attack. The defendants, being aware of the first attack, had purchased a larger chain and clasp to restrain the dog. Plaintiffs claim that the defendants were negligent in failing to take adequate measures to restrain the dog. Plaintiffs also allege that the clasp which restrained the dog broke, and have joined the manufacturer of the clasp, Cooper Tools, as a defendant. In a proposed amended complaint, the plaintiff seeks

to add a count of negligent spoliation of evidence against the defendants Kent based on the alleged facts that the defendants had in their sole possession both parts of the broken clasp which restrained the dog, and one portion of the clasp is now missing.

Kents' motion for summary judgment argues that the Kents are not liable for injuries because they properly restrained the dog, complying in all respects with the Pennsylvania Dog Law, and through no fault of theirs, the dog broke loose from a proper restraint, and inflicted this injury.

The proper standard in considering a motion for summary judgment is that summary judgment must be entered if the pleadings, depositions, answers to interrogatories, and admissions, together with supporting affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The court must examine the record in the light most favorable to the non-moving party, and accept as true all the well pleaded facts in the non-moving party's pleadings. *Dibble v. Security of America Life Insurance Company,* 404 Pa. Super. 205, 590 A.2d 352 (1991).

Kents argue that summary judgment should be granted in their favor because they properly restrained the dog and in all respects complied with the Pennsylvania Dog Law and, therefore, there can be no negligence found against them. This is not the law. While a violation of the dog law by the dog's owner may be negligence per se, a dog owner may be liable for negligence by actions which do not constitute a violation of the dog law. *Deardorff v. Burger,* 414 Pa. Super. 45, 606 A.2d 489 (1992).

"[W]e do not rest our decision upon the absence of any provision in the present and past dog statutes

to establish liability premised upon notions of absolute liability, for a person may rely on common law principles, in addition to statutory violations, to establish liability." *Id.* at 52, 606 A.2d at 489.

Here, plaintiffs allege that knowing the dog had vicious propensities the defendants "failed to properly restrain and control said dog." The court cannot, based upon the pleadings, depositions, etc., decide that the defendants did properly restrain the dog. The trier of facts will have to observe the type of chain and clasp used by the defendants and hear the other possibilities for controlling the dog, which were examined by the defendants, including fencing. Therefore, the defendants' motion for summary judgment shall be denied.

The next question is whether the plaintiffs should be allowed to amend their complaint to include a count of spoliation of evidence.

The court accepts that there is currently no appellate court decision in Pennsylvania deciding whether there is a viable action for spoliation of evidence. The parties have reported to the court several common pleas decisions which include *Liebig v. Consolidated Rail Corp.*, 31 Leb. Co. Leg. J. 188 (1994); *Taylor v. Johnson Products Company*, 115 Dauphin Co. Rep. 398 (1995); *Rhoads v. Pottsville Hospital*, 31 D.&C.4th 500 (1996); *Urban v. Dollar Bank*, 34 D.&C.4th 11 (1996); *Gicking v. Joyce International Inc.*, 33 D.&C.4th 208 (1996).

The theory of negligent spoliation of evidence was developed to aid injured parties when valuable evidence had been lost by providing an alternate form of compensation. Factors to be considered in a spoliation case include:

(1) Whether the defendant reasonably should have known there was a potential for litigation.

(2) The duty of the defendant to preserve all relevant evidence.

(3) Whether disposal of the evidence was intentional or inadvertent.

(4) Whether there is a causal connection between the loss of evidence and the inability of plaintiff to recover.

(5) Whether plaintiff would suffer actual economic loss from the disposal of the evidence. *Liebig v. Consolidated Rail Corp., supra.*

Judge Walter, in the *Liebig* case, in recognizing a distinct cause of action for spoliation of evidence, traced the history of consideration of the question in Pennsylvania to that time.

"The parties, despite their posturings of their respective briefs, have provided no precedential authority on the issue, nor have we located any. Both parties rely in part on the case of *Olson v. Gruntza,* [428] Pa. Super. [378], 631 A.2d 191 (1993). Plaintiff asserts the Superior Court in *Olson* 'approvingly discussed the Florida case of *Continental Insurance Company v. Herman,* 576 S.2d 313 (Fla. Dist. C.P. of App. 1991), *rev. denied,* 598 So.2d 76 (1991), which embraced a tort cause of action for evidence spoliation' . . .

"Defendant asserts that 'the holding in the *Olson* case is that there is no cognizable cause of action for spoliation of evidence in Pennsylvania'. . . We have read *Olson;* we find both parties' assertions of the law as set forth therein less than forthright. The Superior Court stated quite succinctly: 'Our research reveals that no Pennsylvania Court has recognized a cause of action for spoliation of evidence.' (citation omitted) The Superior Court neither affirmed nor denied the existence of a cause of action for spoliation of evidence. They

merely stated that no Pennsylvania Court had yet recognized one." *Id.* at 191.

Here, Kents claim that they did nothing wrong. They restrained their dog with a heavy chain and clasp, and it is not their fault that the clasp broke and the dog got loose and inflicted injuries upon the child. In essence, Kents blame the damage on the failure of the clasp, but while the clasp was in their exclusive possession, a portion of the clasp disappeared and is not available for plaintiffs to analyze. In this case, if the finder of fact ultimately accepts the Kents' position that the Kents were not negligent, because they exercised due care by purchasing a heavy chain and clasp to secure their dog, and if the plaintiffs are ultimately unable to prove their case against the manufacturer of the clasp, due to the fact that a portion of the clasp is not available to them, surely they must be afforded an opportunity to state a cause of action against the Kents for failing to maintain the evidence.

It is not the court's function at this stage of the litigation to decide the merits of the plaintiffs' spoliation claim. We are only deciding that the plaintiff may state such a cause of action and then seek to prove it.

Since this court is hereby recognizing spoliation of evidence as a cause of action, it naturally follows that leave should be liberally granted to the plaintiffs to amend their complaint to include such a cause except in situations where such leave would violate the law or prejudice the defendants. *Gutierrez v. Pennsylvania Gas Company,* 352 Pa. Super. 282, 507 A.2d 1230 (1986).

We find that such an amendment will not violate the law. Kents argue that much of the pretrial discovery has been accomplished at this stage of the proceedings and will have to be redone. The court notes that this

result would likely occur regardless because of the joinder of the additional co-defendant Cooper Tools. Regardless of the question of whether pretrial discovery will have to be redone, the court finds that the prejudice to the plaintiffs by precluding them from asserting their rightful cause of action for spoliation of evidence would greatly outweigh the inconvenience to the defendants Kent of completing additional discovery.

For the foregoing reasons, the plaintiffs' motion to amend the complaint to include a count of spoliation of evidence shall be granted, and the court enters the following order.

### ORDER

And now, January 21, 1997, the defendants' (Kents) motion for summary judgment is denied.

The plaintiffs' motion to permit the filing of an amended complaint to include a count for spoliation of evidence is granted.