HIGGINS, J.,
This matter is before the court on additional defendant’s, Angelo C. Terrana, Jr., Esquire (“Terrana”), preliminary objections to amended joinder complaint filed by defendants, Penn Commercial Real Estate, LLC, improperly identified as Coldwell Banker Commercial Pennco Real Estate, Inc. and Susan Mikels (collectively “joinder plaintiffs”). On February 18, 2014[1], plaintiff DS & BH Holdings, II, LLC (“plaintiff’) filed a complaint against defendants Jeffrey A. Snyder and Linda J. Snyder, individually and as husband and wife (“Snyders”), Coldwell Banker Commercial, Pennco Real Estate, Inc. and Susan Mikels seeking damages incurred following a real estate transaction. Plaintiff claims the defendants withheld the existence of a mortgage on the property commonly known as Mini-Storage in Hillside Business Park (“Mini-Storage”). On May 19, 2014, plaintiff filed an amended complaint. Plaintiff alleges that defendants failed to disclose a mortgage in favor of Wayne Bank in the amount of $1,259,103.93;[2] and *177 that defendants intentionally withheld the existence of a mortgage on Mini-Storage through verbal representations and by the executions of the sellers’ affidavit at the time of the closing. On April 11, 2014, joinder plaintiffs filed a joinder complaint (“JC”) against Terrana, whom they allege was retained as title agent for the plaintiffs. In an opinion and order dated September 5,2014, we sustained in part and overruled in part Terrana’s preliminary objections to joinder plaintiffs’ JC. We permitted joinder plaintiffs’ to file an Amended Joinder Complaint (“AJC”) which was filed on September 29, 2014. Terrana filed preliminary objections to the AJC on October 9,2014. The matter was scheduled for oral argument and we are now prepared to rule on Terrana’s preliminary objections to the AJC.
In ruling on preliminary objections, we must accept as true all well-pleaded, material and relevant facts, along with all reasonably deducible inferences therefrom. Schuylkill Navy v. Langbord, 728 A.2d 964, 968 (Pa. Super. 1999). We need not accept as true, however, “conclusions of law, unwarranted inferences from the facts, argumentative allegations or expressions of opinion.” Myers v. Ridge, 712 A.2d 791, 794 (Pa. Cmwlth. 1998). When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the clearest of cases. Regal Industrial Corporation v. Crum and Forster, Inc., 890 A.2d 395, 398 (Pa. Super. 2005) (citation omitted). We will only sustain a demurrer when it is clear from the facts and reasonable inferences that the law will not permit recovery. HRANEC Sheet Metal, Inc. v. Metalico Pittsburgh, Inc., _ A.3d. _, 2014 WL 7212408 (Pa. Super. 2014) (citations omitted). With these *178 standards in mind, we now address Terrana’s preliminary objection to AJC.
Preliminary objections in the nature of a demurrer are properly granted “where the contested pleading is legally insufficient, and no matters outside it may be considered. No testimony or other evidence outside the complaint may be considered to dispose of the legal issues presented by the demurrer.” Feldman v. Hoffman, _ A.3d _, 2014 WL 7212601 (Pa. Cmwlth. 2014).
However, it is well-settled that a court may rely on documents forming in part the foundation of the suit even where a plaintiff does not attach such documents to its complaint.... Documents, the contents of which are alleged in complaint and which no party questions, but which are not physically attached to the pleading, may be considered on motion to dismiss for failure to state a claim.
Id. (citations omitted).
Terrana’s first objection is in the nature of a demurrer. Terrana argues that the AJC must be dismissed since the joinder is illegally inappropriate and it fails to raise a legally sufficient claim of negligence [Terrana Brief in Support of preliminary objections filed October 9, 2014, p. 6]. Conversely, joinder plaintiffs argue that their action sounds in negligence and that they should be permitted to pursue the action against Terrana.
Negligence is proved by (1) a duty or standard of care; (2) a breach of that duty or standard; (3) proximate causation; and (4) actual damages. Carlotti v. Employees *179 of General Electric Federal Credit Union No. 1161, 111 A.2d 564, 567 (Pa. Super. 1998). Before a breach can be found, a duty to another must be recognized. Id.
Pa. R.C.P. 2252 states that:
any party may join as an additional defendant any person not a party to the action who may be
(1) solely liable on the underlying cause of action against the joining party, or
(2) Rescinded.
(3) Rescinded.
(4) liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.
The AJC alleges that Terrana is liable over to plaintiff or solely liable over to plaintiff [2252(1)] or liable over to or jointly liable with joinder plaintiffs to plaintiff [2252(4)] in the underlying action. The AJC avers that Terrana was the title agent for plaintiff during the real estate transaction and that he failed to discover or disclose the June 2013 mortgage at the time of closing. AJC at ¶¶ 11. That mortgage remains a cloud on the title to the Mini-Storage. AJC at ¶¶ 9. Joinder plaintiffs further allege that Terrana owed a duty to plaintiff to perform the title search in accordance with the standard of care applicable to title agents and the failure to discover or disclose the mortgage caused a breach of that duty which resulted in damages to *180 plaintiff. AJC at ¶¶ 13-15.
In ruling on preliminary objections, we must accept as true all well-pleaded, material and relevant facts, along with all reasonably deducible inferences therefrom. After reviewing all of the well-pleaded material facts and the deducible inferences, we believe that joinder plaintiffs have pleaded a cause of action against Terrana. Although joinder plaintiffs have not asserted an agency relationship or any other relationship between them and Terrana, they have averred sufficient facts to allow joinder pursuant to Pa. R.C.P. 2252(4). They assert that Terrana is liable over to plaintiff or liable over to joinder plaintiffs or with them on a cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based. In this action, there was one course of events leading up to plaintiff’s damages. These events include the title services performed by Terrana. Moreover, there is a common question in the plaintiff’s amended complaint and the AJC concerning responsibility for plaintiff’s damages. Further, Rule 2252 “is to be broadly construed to effectuate its purpose of avoiding multiple lawsuits by settling in one action all claims arising out of transactions or occurrences which give rise to the plaintiff’s complaint.” Olson v. Grutza, 631 A.2d 191, 196-197 (Pa. Super. 1993) (citation omitted). “Joinder is permitted only as long as the additional defendant’s alleged liability is related to the claim which the plaintiff asserts against the original defendant.” Id. 631 A.2d at 197 (citation and internal quotations omitted). The claim plead by joinder plaintiffs stems from the same transaction or occurrence which give *181 rise to plaintiff’s claim and directly relates to plaintiff’s damages. Accordingly, we find that the proposed joinder in this case is permissible under Rule 2252.
In his brief, Terrana argues that the case of Mentzer & Rhey, Inc. v. Ferrari, 532 A.2d 484, 486 (Pa. Super. 1987) is controlling. In Mentzer, purchasers of real estate brought suit against seller for fraudulently concealing a culvert which resulted in damages when the culvert collapsed. The defendant then filed a joinder complaint against plaintiff’s attorneys for failing to discover the existence of the culvert in their title search. The Superior Court determined that “[j joinder is permissible only if the additional defendant ‘⅛ or may be liable to the joining party on a cause of action arising out of the transaction or occurrence upon which the plaintiff’s cause of action is based.’” Mentzer, 532 A.2d at 486 (citation omitted) (emphasis in original). The defendant in Mentzer attempted to join plaintiff’s attorneys as additional defendants, however; he failed to plead an attorney-client relationship between the attorneys and himself. The Superior Court found that the defendant was not in privity with the attorneys and, accordingly, he had no cause of action against them. That court also stated that any liability on the part of plaintiff’s attorneys would be secondary to that of defendant, who was primarily liable as the creator of the defect itself.
Instantly, joinder plaintiffs have not attempted to join Terrana in his capacity as an attorney. The AJC avers a negligence claim and negligent misrepresentation claim against Terrana as plaintiff’s title agent. Joinder plaintiffs claim that the Snyders created the lien and failed to disclose it at the time of the closing. Nevertheless, the AJC alleges *182 that Terrana is primarily negligent for failing to discover or disclose the lien and that Terrana is liable over to plaintiff or liable over to joinder plaintiffs for any resulting damages. For purposes of preliminary objections, we must accept the well pleaded facts as true, and therefore, we overrule Terrana’s preliminary objections.
Terrana also filed a demurrer to the negligent misrepresentation claims of joinder plaintiffs. The AJC alleges Terrana owed a duty to plaintiff and not a duty to joinder plaintiffs. Since we have determined that joinder is permissible where a party is liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based, this objection must also be overruled.
Finally, Terrana claims that the AJC contains an “undeniably ... legal malpractice claim” [Terrana’s brief in support of preliminaiy objections, p. 12] couched in a claim of simple negligence. Throughout the AJC, joinder plaintiffs refer to Terrana as plaintiff’s title agent and not as their attorney. The duty alleged to have been breach is the standard of care applicable to title agents. We do not believe that joinder plaintiffs are attempting to plead a legal malpractice claim couched in a claim of simple negligence. Accordingly, we overrule this objection and enter the following order.
ORDER
And now, this 5th day of February 2015, upon consideration of additional defendant Angelo C. Terrana, Jr., Esquire’s preliminary objections and the response *183 thereto, it is hereby ordered that additional defendant Angelo C. Terrana, Jr., Esquire’s preliminary objections are overruled and additional defendant, Angelo C. Terrana, Jr., is directed to file a responsive pleading to the amended joinder complaint within 20 days from notice of this order.

. Plaintiff commenced this action by filing a motion for preliminary injunction on February 14, 2014, which was denied by order dated February 20, 2014.

. The amount plaintiff seeks to recover in its amended complaint is $196,175.24.