480 A.2d 318

C. William NYE, Jr., Individually and as Administrator of the Estates of Barbara A. Nye, Deceased, and Karen L. Nye, Deceased, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Carl A. Houtz.

Superior Court of Pennsylvania.

Argued April 5, 1984.

Filed Aug. 17, 1984.

210

Neil J. Rovner, Harrisburg, for appellant.

George F. Douglas, Jr., Carlisle, for Houtz, appellee.

Mark Garber, Jr., Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

WICKERSHAM, Judge:

This is an appeal from the Order of the Court of Common Pleas of Dauphin County granting a new trial limited to the issue of damages to appellee Carl A. Houtz.

In December of 1978, Karen L. Nye was driving an automobile westbound on Route 322 between Harrisburg, Pennsylvania and Hershey, Pennsylvania with her mother, Barbara Nye, as a passenger. Testimony at trial indicated that appellee Carl Houtz's reckless driving forced the Nye car off the road and onto a raised medial barrier that divided the east and west-bound lanes of Route 322. Witnesses observed Karen Nye attempting to bring her car back under control and off the medial barrier. Her failure to regain the proper lane resulted in a fatal head-on collision with a vehicle headed east-bound on Route 322.

Appellant C. William Nye, individually and as administrator of the estates of his wife and daughter, brought the instant wrongful death and survivorship action against the appellees, Commonwealth of Pennsylvania, Department of Transportation,[1] and Carl A. Houtz.

At trial, the actuary for plaintiff-appellant Nye testified concerning the loss of wages of Karen Nye caused by her untimely death. His testimony established a gross loss of earnings for the time period between her death and the trial of $37,237.00. The cost of maintenance for this time period was estimated to be $12,643.00. Thus, the total pretrial loss of earnings was $24,594.00.

The actuary then discussed his calculations for future loss of earning capacity. He testified that the gross future wage loss would be $490,401.00. He then subtracted a

1. The jury found that the Department of Transportation was not negligent. Thus, the Commonwealth is not involved in this appeal.

maintenance cost of $241,105.00, resulting in a future wage loss of $249,296.00.[2] When this figure is added to the pretrial loss, we arrive at a total wage loss figure for Karen Nye of $273,890.00.

At the conclusion of the evidence, the court instructed the jury that appellant could be awarded damages for the pain and suffering experienced by the decedents from the moment of their injury to the moment of death. R.R. at 75a. Appellee objected to this charge on the ground that no evidence was presented that the decedents were conscious at any time between the time of impact and the time they were pronounced dead. The trial judge declined to make any corrections in his charge.

As to the survivorship action brought on behalf of the estate of Karen Nye, the jury returned a verdict of $349,-500.00. Appellee Houtz filed a motion for a new trial on the ground, *inter alia,* that the jury verdict exceeded the wage loss figure specified by appellant's actuary by $75,610.00. Appellee contended that this $75,610.00 excess could only be attributed to an improper award of damages for pain and suffering, and that the verdict should be reduced by this sum. In his brief in opposition to appellee's motion for a new trial, appellant argued that the jury could properly award damages for pain and suffering if it believed Karen Nye was "aware of the impending death as she struggled to bring her car under control back across the medial barrier." Appellant also contended that the actuarial figures were merely guidelines and that the jury was not bound to accept the amounts arrived at by the actuary.

On February 9, 1983, appellee Houtz's motion for a new trial was argued before the lower court sitting *en banc.* On February 16, 1983, the court entered an order indicating that if appellant filed a remittitur in the amount of $75,-

---

2. We note that in his testimony, the actuary stated that the net future wage loss would be $249,269.00. R.R. at 38a. It is clear, however, that the correct figure is $249,296.00 and that the witness simply transposed the nine and the six when testifying.

610.00 within thirty days, appellee's motion for a new trial would be dismissed. Appellant failed to file the remittitur in the specified time; therefore, on March 31, 1983, the court entered an order granting a new trial for the purpose of determining damages. This appeal timely followed.

One of appellant's issues on appeal is:

Where testimony establishes that the decedent automobile driver struggled for a period of time to avoid a head-on collision which killed her and her mother, was the court correct in charging the jury that decedent could recover for emotional distress caused by knowledge of her impending injury?

Brief for Appellant at 3.

The court did not charge the jury that decedent could recover for emotional distress caused by knowledge of her impending injury as appellant suggests.[3] Rather, the court instructed the jury as follows:

The [appellant] is entitled to be awarded such an amount as you believe will fairly and adequately compensate for the mental and physical pain, suffering and inconvenience that the decedents endured *from the moment of their injury to moment of death* as a result of this accident.

R.R. at 75a (emphasis added).

Thus, the charge dealt with post impact pain and suffering, not pre impact emotional distress as appellant states.

■ The law in Pennsylvania is clear that where a decedent is killed instantaneously, there can be no recovery for pain and suffering in a survival action. *Slavin v. Gardner,* 274 Pa.Super. 192, 418 A.2d 361 (1979). *See also Fisher v. Dye,* 386 Pa. 141, 125 A.2d 472 (1956); 11 P.L.E. Death § 63. This rule is obviously based on the proposition that

3. While appellant's counsel requested a charge on damages for pre impact fright, the lower court declined to give such an instruction. R.R. at 81a.

where death is instantaneous the decedent experiences neither pain nor suffering and therefore an award of damages to compensate for pain and suffering would be unwarranted.

The same rule applies where the decedent is not conscious between the time of injury and the time of death. In *Slaseman v. Myers*, 309 Pa.Super. 537, 455 A.2d 1213 (1983), this court stated that "[b]ecause of the absence of specific findings by the trial court we do not know if the court awarded any amount for *conscious* pain and suffering." *Id.*, 309 Pa.Super. at 545, 455 A.2d at 1218 (emphasis added). The opinion then went on to study the testimony to determine whether there was sufficient evidence to support a finding that the decedent was *conscious* at any time after the accident. In *Haddigan v. Harkins*, 441 F.2d 844 (3d Cir.1970), decided on Pennsylvania law, the court stated that "[t]he plaintiff was entitled to recover in the survival action damages for decedent's *conscious* pain and suffering...." *Id.* at 850 (emphasis added). In *Voelkel v. Bennett*, 115 F.2d 102, 104 (3d Cir.1940), also decided on Pennsylvania law, the court held that decedent's personal representative could not recover damages for pain and suffering because the period between the injury to and the death of the decedent was very short and he was unconscious during the entire period. Thus, where the decedent is unconscious for the entire period between the time of injury and the time of death, there can be no recovery for pain and suffering in a survival action.

■ Instantly, "[n]o testimony was presented showing either Karen L. Nye or her mother were conscious between the time of impact and the time they were pronounced dead." Lower ct. op. at 2. Since there was no evidence that decedents were conscious at any time after the accident, any award of damages for conscious pain and suffering between the time of injury and the time of death was unwarranted.

■ ˙Appellant argues, however, that the jury could properly award damages for pain and suffering if it believed Karen Nye was aware of her impending death as she struggled to bring her car under control. Thus, appellant contends that he may recover for Karen's "pre impact fright." There is no precedent in Pennsylvania for such an award. "The rule in Pennsylvania is that in survival actions the measure of damages is the decedent's pain and suffering and loss of gross earning power *from the date of injury* until death...." *Slaseman v. Myers, supra* 309 Pa.Super. at 544–45, 455 A.2d at 1217 (emphasis added). Thus, we have always limited recovery to damages for pain and suffering and emotional distress occurring *after* the time of injury.

■ Appellant points to a number of federal cases that have permitted recovery for pre impact fright and shock. *Solomon v. Warren,* 540 F.2d 777 (5th Cir.1976), *cert. denied,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977); *Platt v. McDonnell Douglas Corp.,* 554 F.Supp. 360 (E.D. Mich.1983); *D'Angelo v. United States,* 456 F.Supp. 127 (D.Del.1978), *aff'd,* 605 F.2d 1194 (3rd Cir.1979); *Kozar v. Chesapeake,* 320 F.Supp. 335 (W.D.Mich.1970), *aff'd* 449 F.2d 1238 (6th Cir.1971). Given the facts of this case, however, we need not decide whether such a recovery is permitted in Pennsylvania. Even assuming *arguendo* that pre impact fright is a recoverable element of damages in this jurisdiction, it is clear that appellant has neither pleaded nor proved a case supporting such an award. In a survival action, the estate may recover the same damages as those to which the decedent would have been entitled had he or she survived. *McClinton v. White,* 285 Pa.Super. 271, 427 A.2d 218 (1981), *vacated on other grounds,* 497 Pa. 610, 444 A.2d 85 (1982). If Karen Nye had somehow avoided the accident, she could recover damages based on her emotional distress or "fright" only if she averred and proved that her mental or emotional distress resulted in

some type of physical manifestation or harm. *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 437 A.2d 1236 (1981). Thus, the estate may recover damages for "pre impact fright" only upon proof that Karen suffered physical harm *prior to the impact* as a result of her fear of impending death. Appellant presented no such evidence. Thus, even assuming *arguendo* that Pennsylvania would permit recovery for pre impact fright, we find that appellant failed to meet its burden of proving such damages.

 Since any award of damages for pain and suffering was unwarranted under the facts of this case, the trial court erred in instructing the jury that appellant could be awarded such damages. It is well established that a trial court should not instruct the jury on law that is not applicable to the facts of the case. *Emerick v. Carson*, 325 Pa.Super. 308, 472 A.2d 1133 (1984). Instantly, it is not clear whether the jury's verdict included an award of damages for pain and suffering. Based on the erroneous charge to the jury, however, we recognize that there is a great possibility that a portion of the verdict was based on an improper award for pain and suffering. Thus, we agree with the lower court that a new trial limited to the issue of damages is necessary.[4]

Order affirmed.

**4.** Because we agree with the lower court that a new trial on the issue of damages is warranted, we find it unnecessary to discuss appellant's remaining issue which he states as follows:

> In a death case, where the [appellant's] actuary has testified to several possible levels of maintenance to be deducted from decedent's gross wage loss, is it entirely within the province of the jury to choose appropriate level of maintenance in order to arrive at net survival loss?

Brief for Appellant at 3.

Assuming without deciding that a jury may award damages for wage loss in an amount greater than the maximum loss testified to by the appellant's actuary, it is nevertheless unclear in this case whether the jury's award was based solely on wage loss or whether it also included an improper award for pain and suffering. Thus, we feel that it is necessary to return the case to the lower court for a new determination of damages.