555 A.2d 214

**Kathleen A. HODGEN, Appellant,**

v.

**Richard L. SUMMERS and Joyce E. Gallagher, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1988.

Filed March 6, 1989.

Petition for Allowance of Appeal Denied
Aug. 22, 1989.

Gregory Martin, York, for appellant.

Val E. Winter, York, for Summers, appellee.

Bruce Bankenstein, York, for Gallagher, appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

WIEAND, Judge:

Kathleen Hodgen filed a complaint against Richard Summers and Joyce Gallagher in which she sought to recover damages for personal injuries sustained in a vehicular accident occurring on September 13, 1985. More than two years after the accident had occurred, she requested leave of court to amend her complaint in order to add a claim for the damages to her vehicle arising from the same accident. The trial court denied this request, holding that a claim for property damage was barred by the two year limitation

imposed by 42 Pa.C.S. § 5524(3). Plaintiff appealed. We affirm.

The applicable law is stated at 5 Std.Pa.Prac. § 24:41 as follows:.

> Although Rule 1033 of the Pennsylvania Rules of Civil Procedure generally permits the amendment of a complaint to include new causes of action, the Rule does not change the well-established principle that an amendment which introduces a new cause of action which is barred by the statute of limitations will not be allowed. This principle is based on the broad proposition that the courts, while disposed to be liberal in the allowance of amendments, and to construe the amendment rules liberally so as to prevent the defeat of justice through mere mistake, do not allow amendments which will prejudice the defendant by depriving him of some substantial right. The criterion for determining whether or not an amendment may be made after the statute of limitations has run is whether the defendant will be prejudiced by the amendment or whether the cause of action is changed thereby. The general principle that amendments which will deprive the opposite party of any valuable right. Thus, after the statute of limitations has run, the plaintiff cannot, by an amendment, shift the ground of complaint set forth originally, or enlarge its surface by introducing a new and different cause of action, or cure a material, vital, or fatal defect in his complaint; an amendment to a complaint in an action instituted within the statutory period is not permissible after the expiration of that period where, in reality, the purpose is to introduce a new cause of action. (footnotes omitted).

Thus, our courts have held that "an amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant. However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the Statute of

Limitations has already run." *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 243, 431 A.2d 237, 239 (1981), quoting *Schaffer v. Larzelere*, 410 Pa. 402, 407, 189 A.2d 267, 270 (1963). See also: *Sanchez v. City of Philadelphia*, 302 Pa.Super. 184, 188, 448 A.2d 588, 591 (1982). "In determining whether a wholly different cause of action is introduced by the amendment, technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant shall not be required to answer a wholly different legal liability or obligation from that originally stated. The test is not whether, under technical rules of pleading, a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant." 61A Am.Jur.2d Pleading § 322. "The tests to be applied when the question presented is whether an amended [complaint] presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?" *Sanchez v. City of Philadelphia, supra*, 302 Pa.Superior Ct. at 187, 448 A.2d at 589–590, quoting *Saracina v. Cotoia*, 417 Pa. 80, 85, 208 A.2d 764, 767 (1965).

A claim for property damage is different than a claim for personal injuries. It is different in nature than a claim for personal injuries, involves issues of ownership not present in a claim for personal injuries, and requires application of a different measure of damages. Most significantly, an amendment adding a property damage claim which is barred by the statute of limitations will prejudice the defendants by subjecting them to a claim which is outlawed by the lapse of time. It will do so without permitting them to raise as a defense the bar of the statute of limitations which would otherwise be available to them. Cf. *Schwab v. Oesterling & Son, Inc.*, 386 Pa. 388, 126 A.2d 418 (1956); *Sanchez v. City of Philadelphia, supra*.

352

Under these circumstances, the trial court did not err when it denied plaintiff's motion to amend her complaint.

ORDER AFFIRMED.