607 A.2d 796

**Ronald K. FREY, Individually and as Administrator of the Estate of Ronald M. Frey, Appellant,**

v.

**PENNSYLVANIA ELECTRIC COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued April 10, 1992.

Filed May 14, 1992.

James T. Rague, III, Wellsboro, for appellant.

Loralee A. Choman, Scranton, for appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order entered by the Honorable Robert Kemp, in the Court of Common Pleas of Tioga County, denying appellant's motion to amend his complaint. Appellant's request for amendment was made so that he could add a survival action after the statute of limitations had expired. Since we find that the lower court was correct in its denial of appellant's motion, we affirm.

The underlying action in this case arose when appellant's decedent, his son Ronald M. Frey, came into contact with a power line through a tree branch he was holding. Frey was killed as a result of the electrical impulse delivered when he so contacted the power line on June 7, 1988. At the time of this incident, the decedent was working for the Hazlett Tree Service, which had contracted with the Pennsylvania Elec-

tric Company (Penelec) to clear vegetation from electric lines. The complaint, filed on April 27, 1990, alleged that defendant/appellee Penelec was negligent and failed to warn decedent of the dangers from the power line. The complaint was filed as a wrongful death action; appellant sought leave to amend the complaint with a survival action in February 1991, eight months after the time had passed for so doing.[1]

On this appeal, appellant urges this Court to reverse the lower court's order. Appellant argues that the failure to explicitly set forth a count for survival in the complaint does not preclude an award for survival damages. In essence, appellant invites this Court to read the count entitled "Wrongful Death" as *both* a wrongful death *and* a survival action. We decline the invitation.

It has long been held in this Commonwealth that parties are liberally granted leave to amend their pleadings. *Biglan v. Biglan*, 330 Pa.Super. 512, 519–20, 479 A.2d 1021, 1025 (1984); *MacGregor v. Mediq Inc.*, 395 Pa.Super. 221, 227, 576 A.2d 1123, 1126 (1990). Although the determination of whether to grant leave to amend is within the sound discretion of the trial court, leave should be granted at any stage of the proceedings, unless such amendment violates the law or unfairly prejudices the rights of the opposing party. *Id.*, 395 Pa.Superior Ct. at 227, 576 A.2d at 1126. Pennsylvania courts have held that

"an amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant. However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the Statute of Limitations has already run." ... "In determining whether a wholly different cause of action is introduced by the amendment, technical considerations or ancient formulae are not con-

1. Because the survival claim is subject to a two-year statute of limitations, the claim should have been initiated on or before June 7, 1990. 42 Pa.C.S.A. 5524(2).

trolling; nothing more is meant than that the defendant shall not be required to answer a wholly different legal liability or obligation from that originally stated.... [T]he test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant." ...

*Hodgen v. Summers*, 382 Pa.Super. 348, 350–51, 555 A.2d 214, 215 (1989), (citations omitted).

■■■■ An action for survival damages is completely unlike the action for wrongful death brought by appellant. Under the survival statute, survival damages are essentially those for pain and suffering between the time of injury and death. 42 Pa.C.S.A. § 8302. The survival action has its genesis in the decedent's injury, not his death. In the survival action, the decedent's estate sues on behalf of the decedent, upon claims the decedent could have pursued but for his or her death. The recovery of damages stems from the rights of action possessed by the decedent at the time of death. *Nye v. Com., Department of Transportation*, 331 Pa.Super. 209, 480 A.2d 318 (1984). In other words, the survival action simply continues, in the decedent's personal representative, the right of action which accrued to the deceased at common law. *Id.* The measure of damages in a survival action is the decedent's pain and suffering prior to death and loss of gross earning power from the date of injury until death, less the probable cost of maintenance as proved by evidence and any amount awarded for wrongful death. *Krock v. Chroust*, 330 Pa.Super. 108, 478 A.2d 1376 (1984).

■■■ In contrast, wrongful death is not the deceased's cause of action. An action for wrongful death may be brought only by specified relatives of the decedent to recover damages in their own behalf, and not as beneficiaries of the estate. *Mecca v. Lukasik*, 366 Pa.Super. 149, 530 A.2d 1334 (1987). Wrongful death damages are implemented to compensate the spouse, children, or parents of the deceased for the pecuniary loss they have sustained by the denial of future contributions decedent would have made in his or her

lifetime. The damages are also meant to compensate for some administrative, funeral, and medical expenses. 42 Pa.C.S.A. § 8301(c); *Burkett v. George,* 118 Pa.Cmwlth. 543, 545 A.2d 985 (1988). This action is designed only to deal with the economic effect of the decedent's death upon these specified family members.

From the above descriptions, it is evident that the amendment sought by appellant would serve to introduce an entirely new cause of action into this case, after the time for so doing has passed. Our Supreme Court, on facts almost identical to those in the instant case, long ago emphasized that the rights conferred by the Wrongful Death and Survival Acts are distinct. *See Groh v. Philadelphia Electric Co.,* 441 Pa. 345, 271 A.2d 265 (1970). In *Groh,* appellee was permitted during trial to untimely add a survival claim to her wrongful death complaint. On appeal, appellee argued that the amendment was proper, because she had already averred the essence of a survival claim in the original complaint for wrongful death. The Court held that appellee's amendment was improper, because the effect of the amendment was the addition of a new cause of action for which the statute of limitations had expired. The Court held that the amendment was improperly granted, and reversed the judgment in the survival action. Guided by our Supreme Court's pronouncement on the same issue before this Court in the instant case, we find that the denial of appellant's motion for leave to amend was proper.

■ There is further support for our approval of the trial court's order in this case. We have held that tests for determining when an amended complaint presents a different cause of action, which is therefore barred, are: whether a judgment would foreclose any action on either; whether the same measure of damages supports both; whether the same defenses are available in each; and whether the same measure of proof is required. *Hodgen,* 382 Pa.Super. at 350, 555 A.2d at 215.

In the instant case, we find the aforementioned test satisfied by our analysis of the nature and purpose of

causes of action for wrongful death and survival. Actions for survival and wrongful death are clearly based upon different theories; therefore, they require different defenses. In the case at bar, to allow the amendment would be more than a mere detriment to appellee, since appellee would be obligated to formulate a defense based on a completely new cause of action. Furthermore, addition of a survival claim at this juncture doubly prejudices appellee because it would be subjected to a claim barred by time limitations, and would not be able to utilize the statute of limitations defense otherwise available to it. As we noted in *Hodgen*, our courts aim to prohibit this type of prejudice.

■ Moreover, contrary to appellant's assertion, we are unable to read appellant's complaint as stating both a wrongful death and a survival count. All discovery and other proceedings in this case have been conducted as though it was a wrongful death action. Under the facts and circumstances that existed in this case, the lower court was correct in its denial of appellant's request for leave to amend.

Order affirmed.