## Carapico v. Philadelphia Stock Exchange Inc.

*Francis Recchuiti,* for plaintiff Carapico.
*Arthur Makadon, Stephen Kastenberg* and *Paul Lantieri,* for defendant.

COHEN, G.D., *J.,* October 6, 2004—Before the court is the motion for summary judgment of defendants, the

Philadelphia Stock Exchange Inc. and a number of its past and present officers and directors (collectively PHLX). PHLX is a national stock exchange located in Philadelphia whose activities fall within the purview of the federal Securities and Exchange Commission (SEC). When this action was filed, PHLX was a non-profit Delaware membership corporation, but as a result of PHLX's merger with a subsidiary, which was approved by the SEC in January of 2004 (the demutualization), PHLX is now a for-profit Delaware business corporation.

Plaintiff Joseph D. Carapico is a principal of plaintiff PennMont Securities (collectively PennMont), was a member, and is now a shareholder, of PHLX. PennMont originally brought this action in 1998 in an attempt to enjoin a proposed merger of PHLX with the American Stock Exchange (AMEX), which PennMont believed was being pursued improperly. That proposed merger with AMEX never took place, but subsequently, in or about 2003, PHLX's board decided to pursue a plan of demutualization.

In September 2003, with the court's permission, PennMont filed an amended complaint in which Penn-Mont requested that this court do the following in light of the proposed demutualization:

"(1) Enjoin defendants from pursuing any form of merger, sale of assets, conversion or other transfer that does not leave a viable securities exchange in the City of Philadelphia, owned and governed by its members who have the full authority to act as members of a not for profit corporation, directing them to provide immediate notice to members of the commencement of any exploratory talks or negotiations that would lead to any other

transfer or fundamental change [collectively the requested injunction];

"(2) Determine the validity of any corporate action relating to such activity, pursuant to 15 Pa.C.S. §5793; and

"(3) Appoint a custodian to conduct the business of Philadelphia Stock Exchange Inc." Amended complaint, pp. 11-12.

In the present motion, PHLX asserts that PennMont has not sustained its burden of proving that it is entitled to, and/or that this court is empowered to grant it, any of the requested relief. This court agrees.

## I. *Standard for Summary Judgment*

"Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. . . . In determining whether to grant summary judgment, a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. . . . Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law." *Horne v. Haladay,* 728 A.2d 954, 955 (Pa. Super. 1999). (citations omitted)

When confronted with a motion for summary judgment, "[t]he adverse party may not rest upon the mere allegations or denials of his pleading, but must file a response . . . identifying (1) one or more issues of fact arising from evidence in the record controverting the

evidence cited in support of the motion . . . or (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." Pa.R.C.P. 1035.3. A non-moving party is required to "adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor." *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996). Otherwise, summary judgment should be granted.

## II. *This Court Cannot Grant the Injunction Requested in the Amended Complaint*

PHLX argues that this court is pre-empted by federal law from granting the requested injunction because such a decision is for the SEC to make, and the SEC already approved the plan of demutualization. PHLX is a self-regulatory organization subject to the supervision of the SEC as set forth in the federal Securities Exchange Act of 1934 (the SEA). See 15 U.S.C. §§78f, 78s. Specifically, the SEC must approve any change to the rules of a self-regulatory organization, such as PHLX. *Id.,* section 78s.

On January 16, 2004, PHLX obtained an order from the SEC approving "the proposed rule change . . . to implement the plan of demutualization." SEC release no. 34-49098, exhibit F to motion for summary judgment.[1] If PennMont wished to contest that order, it should have requested, within 60 days of the date of entry, a review

---

1. PennMont submitted the only comment letter to the SEC with respect to PHLX's proposed rule change, in which he raised objections to the plan of demutualization.

of that order by the appropriate federal Circuit Court. 15 U.S.C. §78y(a). There is no provision in the SEA that permits this court to review the SEC's demutualization order, and this court is clearly precluded from doing so by the explicit review provisions of the SEA.

Instead of asking this court to review and explicitly overturn the SEC's order approving demutualization, PennMont wants this court to enter an order, based on state corporate law, disapproving the merger and the resultant conversion of PHLX from a non-profit to a business corporation. However, if the court were to do so, its order would directly conflict with that of the SEC approving the demutualization.

Federal law, including agency regulations, pre-empts state law, including common-law causes of action, "where the intention to pre-empt has been expressly declared by Congress[,]" or where that intent is implied by *"a federal legislative scheme . . . so pervasive that it raises a reasonable inference that Congress left no room for a state to supplement it[,]"* or where "compliance with both federal and state laws is an impossibility" because they directly conflict. *Shulick v. Paine-Webber Inc.,* 554 Pa. 524, 529, 722 A.2d 148, 150-51 (1998) (emphasis in original) (finding that SEC regulation of broker disclosure requirements was implicitly intended to pre-empt state agency law requirements).

In this case, Congress did not expressly pre-empt all state law in the securities field when it enacted the SEA. See 15 U.S.C. §78bb(a) ("the rights and remedies provided in this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity."). However, by giving the SEC the power to ap-

prove PHLX's rule changes including those necessary to implement the plan of demutualization, Congress implicitly pre-empted this court from undermining the SEC's authority and from entering orders contrary to those of the SEC. See also, *Weston v. Reading Co.,* 445 Pa. 182, 282 A.2d 714 (1971) (in dismissing shareholder suit for corporate mismanagement, the state court deferred to ICC's primary jurisdiction over activities of railroad corporations).

Furthermore, even if this court had the authority to grant the requested injunction, it would not do so because PennMont has failed to offer any evidence that the demutualization of PHLX will violate (or has violated) any applicable law, the articles of incorporation, or the bylaws of PHLX. Furthermore, this court cannot enjoin speculative harm that is not sure to occur in the near future, such as PennMont's fear that there may some day be another merger of, or other fundamental change in, PHLX and/or that PHLX may move out of Philadelphia. See *Peugeot Motors of America Inc. v. Stout,* 310 Pa. Super. 412, 425, 456 A.2d 1002, 1008 (1983) (Requiring that plaintiff show that "[a]ctual and substantial injury ha[ve] already occurred and [be] threatened in the future" in order to obtain permanent injunction.). Therefore, Penn-Mont's request for an injunction must be dismissed.

III. *This Court Cannot Grant Plaintiffs the Relief They Request Under Pennsylvania Corporate Law*

PennMont requests this court to exercise its authority under section 5793[2] of the Pennsylvania Corporations

---

2. That section provides that "upon petition of any person whose status as, or whose rights or duties as, a member, director, member of

Law to determine the validity of PHLX's corporate activities. However, that section applies to foreign non-profit corporations only. As a result of the demutualization approved by the SEC, PHLX is now a foreign business corporation, so this court no longer has authority under section 5793 to determine the validity of PHLX's corporate activities.

Similarly, this court does not have the authority to "appoint a custodian to conduct the business of [PHLX]." Although the statute on which plaintiff relies permits the appointment of a custodian for a foreign non-profit corporation, there is no comparable provision with respect to foreign business corporations. Compare 15 Pa. C.S. §6145(c)(9) ("Applicability of certain safeguards to foreign [non-profit] corporations") with 15 Pa.C.S. §4146 ("Provisions applicable to all foreign [business] corporations."). Instead, the applicable statute directs the court to "apply the law of the jurisdiction under which the foreign domiciliary [business] corporation was incorporated." *Id.,* section 4145(a).

Under Delaware law, the Court of Chancery may appoint a custodian if the shareholders have failed to elect directors, the directors are so divided that they cannot proceed with the management of the corporation, or the corporation has abandoned its business. See 8 Del. C. §226. Since plaintiff has not alleged that any of these situations exist in this case, plaintiff's request for appointment of a custodian must be dismissed.

---

another body, officer or otherwise of a nonprofit corporation are or may be affected by any corporate action, the court may hear and determine the validity of such corporate action." 15 Pa.C.S. §5793.

## IV. *This Court Cannot Grant Plaintiffs the Relief They Requested Outside of Their Amended Complaint*

In its proposed findings of fact and conclusions of law, PennMont asserts additional claims for relief on behalf of PHLX, in the form of damages, restitution, and the termination of certain officers, as well as $23 million in damages for PennMont itself based on the diminution in the value of its membership interest in PHLX (the new claims). See motion for summary judgment, exhibit B. However, PennMont has not moved to amend its already amended complaint in order to bring these new claims. See Pa.R.C.P. 1033 (leave of court required to amend).

PennMont argues that the court should treat these new requests for damages as included within its catch-all request that the court "grant such other relief as is just and proper under the circumstances." However, the court cannot do so without PennMont first showing that it has a right to change the nature and direction of this litigation so late in the game.

Although many of the operative facts on which the new claims are based are already set forth in the amended complaint, the court cannot view those claims as having already been included in this action. Many, if not all, of PennMont's new claims are derivative in nature in that they assert wrongs committed against PHLX. See *Fishkin v. Hi-Acres Inc.,* 462 Pa. 309, 316 n.4, 341 A.2d 95, 98 n.4 (1975) (defining derivative claims); *Tooley v. Donaldson, Lufkin & Jenrette Inc.,* 845 A.2d 1031 (Del. 2004) (same). However, this action was not filed, and has never been prosecuted, as a derivative action. In order for PennMont to have standing to prosecute deriva-

tive claims, the court must first find that it has met certain criteria. See 15 Pa.C.S. §1782 (pleading requirements, security for costs); Pa.R.C.P. 1506 (pleading requirements, fair and adequate representation requirements). Since PennMont has never satisfied these criteria, it cannot now assert derivative claims on behalf of PHLX.

In addition to the question of standing, PennMont's new claims may also violate the statute of limitations, in that the events upon which they are based occurred as early as 1997. "[A]n amendment introducing a new cause of action will not be permitted after the statute of limitations has run in favor of a defendant[ because] the defendant [should] not be required to answer a wholly different legal liability or obligation from that originally stated . . . ." *Frey v. Pennsylvania Electric Co.,* 414 Pa. Super. 535, 538-39, 607 A.2d 796, 797-98 (1992) (prohibiting amendment to add survival action to wrongful death claim).

Furthermore, the court may refuse to allow PennMont to amend its already amended complaint if the proposed amendments are contrary to law or if PHLX will be prejudiced by the proposed amendment. See *Werner v. Zazyczny,* 545 Pa. 570, 584, 681 A.2d 1331, 1338 (1996). Since the parties have never properly raised and briefed these issues, the court will not permit PennMont to pursue its new claims further.

## CONCLUSION

For all the foregoing reasons, defendants' motion for summary judgment is granted and plaintiffs' claims are dismissed with prejudice.

## ORDER

And now, October 6, 2004, upon consideration of defendants' motion for summary judgment, plaintiffs' response thereto, the briefs in support and opposition, the oral argument of counsel heard on September 27, 2004, and all other matters of record, and in accord with the memorandum opinion entered simultaneously herewith, it is hereby ordered that said motion is granted, and plaintiffs' claims are dismissed with prejudice.