# Kosek v. Yetter

C.P. of Adams County, no. 04-S-622.

*Patrick W. Quinn,* for plaintiffs.
*Matthew E. Teeter,* for defendant.

GEORGE, *J.,* August 30, 2005—On June 16, 2004, James and Michelle Kosek initiated a cause of action against Scott Yetter t/d/b/a Yetter Home Improvements and Anthony Helfrick t/d/b/a Helfrick Heating and Cooling. Essentially, Koseks alleged that they hired Yetter as a general contractor to make certain improvements to their property at 19 Lakeview Drive, Gettysburg, Pennsylvania. The complaint further alleges that Yetter selected Helfrick as a subcontractor to work on the HVAC system at Kosek's residence. In the initial complaint, Kosek claims that the work was completed in an unworkmanlike manner thereby constituting a breach of contract.[1] Kosek, therefore, sought damages in the amount of $5,300 relative to the alleged breach.

---

1. In the alternative, Kosek's complaint alleged that the relationship with Helfrick was a prime contract between Kosek and Helfrick. These allegations in the complaint appear to be alternative causes of action in that the allegations raise alternative factual backgrounds.

Kosek's initial complaint was met by preliminary objections from Yetter challenging the lack of specificity of the pleading. Helfrick, however, failed to file a responsive pleading. On August 5, 2004, default judgment was entered against Helfrick in the amount of $5,300.

Kosek responded to Yetter's preliminary objections by filing an amended complaint on October 22, 2004. The amended complaint once again alleged that Yetter verbally agreed to be the general contractor and, thereafter, breached that verbal agreement by having the contemplated work completed in an unworkmanlike manner. Kosek's claims for damages in the amended complaint increased to $5,680.

Following the close of the pleadings, a hearing was held before a board of arbitration on February 17, 2005. That same day, the board entered an award against Kosek and in favor of Yetter. A timely appeal was filed by Kosek. Following a pretrial conference on June 16, 2005, this matter was scheduled for a one-day jury trial to be held during the civil trial term beginning October 31, 2005. On July 8, 2005, Kosek filed a motion to amend the complaint seeking to add counts of negligence, misrepresentation and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq. Under these proposed amended counts, Kosek now seeks $11,718.78 in damages plus punitive damages and attorney fees.

Generally, Pennsylvania jurisprudence is liberal in granting a party leave to amend their pleadings. *Frey v. Pennsylvania Electric Co.,* 414 Pa. Super. 535, 538, 607 A.2d 796, 797 (1992). "Although the determination of whether to grant leave to amend is within the sound discretion of the trial court, leave should be granted at any

stage of the proceedings, unless such an amendment violates the law or unfairly prejudices the rights of the opposing party." *Id.* Amendments which introduce a new cause of action after the statute of limitations has expired are not permitted. *Hodgen v. Summers,* 382 Pa. Super. 348, 350, 555 A.2d 214, 215 (1989).

Kosek's amended counts for negligence and misrepresentation are subject to a two-year statute of limitations. 42 Pa.C.S. §5524. A review of the pleadings indicates that the conduct upon which Kosek bases his complaint occurred in February or March of 2003 with all work completed in May of 2003. These causes of action clearly fall outside the statute of limitations and, therefore, an amendment to add these causes of action will not be permitted.

Kosek's argument that the amended counts are only clarifications of the original cause of action is not persuasive. While it is true that Pennsylvania authority recognizes that a proposed amendment, which does not change a cause of action but merely amplifies that which has already been averred, will be permitted even though the statute of limitations has run, see *Frey,* cited above, that principle has no application to Kosek's proposed amendment. Undoubtedly, the new tort claims alleged by Kosek are inherently different from the original cause of action filed in the breach of contract. See generally, *Phico Insurance Co. v. Presbyterian Medical Services Corp.,* 444 Pa. Super. 221, 229, 663 A.2d 753, 757 (1995). Accordingly, Kosek will not be permitted to amend the complaint to allege causes of action for negligence and misrepresentation.

Kosek's request to amend the complaint to add a cause of action under the UTPCPL merits further discussion.

Unlike the negligence and misrepresentation causes of action, a cause of action under the UTPCPL is well within the statute of limitations. See *Keller v. Volkswagen of America Inc.,* 733 A.2d 642, 646 n.9 (Pa. Super. 1999) (the UTPCPL is governed by a six-year statute of limitations). Therefore, it is necessary to examine whether the addition of a cause of action under the UTPCPL unfairly prejudices Yetter's rights or is otherwise contrary to the law.

Obviously, the addition of a distinct cause of action brings with it the inherent prejudice related to increased exposure on a different theory of liability. Pennsylvania courts, however, have demanded more than this type of prejudice before an amendment is properly prohibited:

" 'Prejudice that would prevent the grant of an amendment must be . . . something more than a detriment to the other party "since any amendment almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party. . . . To make the advantage sought by an amendment operate as a bar to amendment would be to destroy the right to amend except in cases when a moving party would have no reason to amend." ' . . . The test, therefore, is whether the prejudice would go beyond 'that which would normally flow from the allowance of an amendment.' " *Sands v. Forrest,* 290 Pa. Super. 48, 53, 434 A.2d 122, 125 (1981) (quoting *Cellutron Products Corp. v. Stewart,* 223 Pa. Super. 391, 394, 300 A.2d 900, 901-902 (1972)).

Yetter suggests that additional prejudice arises from the delay in the requested amendment. Yetter's claim of unreasonable delay as a basis for a finding of prejudice is traceable to a line of Pennsylvania cases which have

denied amendment where extensive delay is present. See *PennDOT v. Bethlehem Steel Corp.,* 486 Pa. 186, 404 A.2d 692 (1979); *Hightower v. Bekins Van Lines Co.,* 267 Pa. Super. 588, 407 A.2d 397 (1979); and *Kenney v. SEPTA,* 122 Pa. Commw. 1, 551 A.2d 614 (1988). That line of cases, however, is distinguishable in light of the extensive delay present in each case. More recent appellate authority instructs that a trial court's refusal to allow amendment solely on the basis of unreasonable delay and nothing more is an abuse of discretion. *Horowitz v. Universal Underwriters Insurance Co.,* 397 Pa. Super. 473, 483, 580 A.2d 395, 400 (1990) (citing *Stouffer v. PennDOT,* 127 Pa. Commw. 610, 615, 562 A.2d 922, 925 (1989)); *City of Philadelphia v. Spencer,* 139 Pa. Commw. 574, 577, 591 A.2d 5, 7 (1991). The original complaint in this matter was filed on June 16, 2004. Kosek's motion to amend follows the original filing by a little less than 13 months. I find this delay insufficient to trigger the *Bethlehem Steel Corp.* line of cases.

Yetter further claims that Kosek's use of amended pleadings is impermissibly punitive in nature. Yetter suggests that the proposed amendments are retaliatory as a result of adverse decisions in earlier litigation. While this argument is interesting, it must also be rejected.

Pennsylvania Rule of Civil Procedure 1311 grants litigants an unlimited right to a trial de novo in any appeal from the decision of a board of arbitration. In *Weber v. Lynch,* 473 Pa. 599, 610, 375 A.2d 1278, 1283 (1977), the Supreme Court put to rest any question about the parameters of such an appeal when it held that a right to proceed to trial was absolute without evidentiary limitations. Interestingly, the *Weber* court found the absolute right to a de novo hearing on appeal despite claims that

the appellant acted in bad faith by using the arbitration hearing for discovery without calling any witnesses on their own behalf. Thus, earlier proceedings are not a proper reference point from which to consider the merits of the proposed amendment.

I also recognize the wealth of appellate authority which has permitted amendment at various stages during the course of litigation. For instance, amendment has been permitted during trial, *Laursen v. General Hospital of Monroe Cty.,* 494 Pa. 238, 244, 431 A.2d 237, 240 (1981); after the close of testimony, *Ecksel v. Orleans Construction Co.,* 360 Pa. Super. 119, 131, 519 A.2d 1021, 1027 (1987); after verdict, *Standard Pipeline Coating Co. Inc. v. Solomon & Teslovich Inc.,* 344 Pa. Super. 367, 376, 496 A.2d 840, 845 (1985); after judgment, *Euster v. Standard Acc. Ins. Co.,* 139 Pa. Super. 6, 10, 10 A.2d 877, 879 (1940); and on appeal, *Binswanger v. Levy,* 311 Pa. Super. 41, 48, 457 A.2d 103, 106-107 (1983). When this case law is coupled with the absolute right to a de novo hearing, it is clear that an amendment should be liberally granted absent prejudice regardless of the motivation of the amending party.[2] The type of prejudice envisioned by our appellate courts which justifies the denial of an amendment is that which compromises the opposing party's ability to present its case. See *Spencer,* cited above. Since prejudice of that magnitude has not been proffered

---

2. Although Yetter's claim of retaliation is circumstantially supported by the history of this matter, I note that Kosek changed representation following the adverse verdict by the board of arbitrators. It is equally plausible that new counsel brings a different perspective and strategy to the litigation thereby prompting the motion to amend.

by Yetter, Kosek will be granted permission to amend in regard to a cause of action under the UTPCPL.[3]

For the foregoing reasons, the attached order is entered.[4]

## ORDER

And now, August 30, 2005, the plaintiffs' motion to amend is granted in part and denied in part. The plaintiffs are granted permission to amend the complaint to include a count for cause of action under 73 P.S. §201-1 et seq. in the substantial form set forth in the motion. The plaintiffs' request to add additional counts for negligence and misrepresentation is denied. The plaintiffs shall file an amended complaint as permitted by this order within 20 days of the date of this order. Failure to do so will result in waiver of the amendment as requested.

---

3. In permitting this amendment, I render no opinion as to the merits of Kosek's additional claim. The probability of success, or lack thereof, is not a proper consideration in determining whether prejudice is present. *James A. Mann Inc. v. Upper Darby School District,* 99 Pa. Commw. 276, 281, 513 A.2d 528, 531 (1986).

4. I note that Kosek's motion to amend seeks only to add three additional counts as discussed in this opinion. In his brief, however, Kosek implicitly references requests to add additional claims for damages. Due to the nature of the proposed amendment presented to this court, this opinion addresses only Kosek's desire to add three additional counts.